UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NYCB Mortgage Company, LLC,** | ) | **CASE NO. 1:13 CV 2678** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Capital Financial Mortgage Corp., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the court on plaintiff's Motion to Remand (Doc. 8). This case arises out allegations of a fraudulent real estate scheme. For the reasons that follow, plaintiff's Motion to Remand is GRANTED.[1]

**Facts**

Plaintiff NYCB Mortgage Company LLC ("NYCB") brought this action against Capital Financial Mortgage Corp. ("Capital"), Park Avenue Abstract Inc. ("Park Avenue"), Donald

---

[1] Also pending before the Court is defendant CBWL's Motion to Dismiss Counts III, IV, V, and VI of the Complaint (Doc. 15). Because this action is being REMANDED to state court, that motion is DISMISSED.

Luciano ("Luciano"), Commonwealth Land Title Insurance Company ("Commonwealth"), and Customers Bank, also known as Customers Bank Warehouse Lending ("CBWL").

The following facts are alleged in plaintiff's complaint. Plaintiff entered into a "Correspondent Seller Agreement" with Capital, pursuant to which plaintiff purchased the mortgage loan secured by a piece of real property in New Jersey. CBWL was the warehouse lender for the mortgage and provided financing to Capital for the purpose of acquiring the mortgage loan which was sold to plaintiff. Park Avenue, through Luciano, was the closing agent for the loan. Park Avenue's title insurance underwriter for the loan was Commonwealth. Plaintiff alleges that CBWL, Park Avenue, and Luciano conspired to defraud plaintiff by representing that a prior existing mortgage held by Nationstar had been discharged when it had not. Plaintiff alleges that Park Avenue, in a form signed by Luciano, represented that funds loaned by Capital would be disbursed to pay the earlier mortgage. Plaintiff alleges that it relied on CBWL, Park Avenue, and Luciano's representations, and wired $321,533.48 to CBWL's account. Plaintiff later learned that the funds had not been paid to Nationstar. After it learned that its mortgage was not a first priority lien on the property, plaintiff notified Commonwealth of its claim under the title insurance agreement, which was denied. Plaintiff then demanded that Capital repurchase the mortgage pursuant to the Correspondent Seller Agreement, which Capital did not do.

The Pennsylvania Department of State's Business Entity Filing History presently lists Capital as an active corporation having its registered office addresses at 215 Kendrow Ave., Folsom PA 19033 ("Folsom Address"). (Doc. 13-3). Capital vacated the Folsom Address at the end of January 2013 and moved to 2098 W. Chester Pike, Broomall, PA 19008 ("Broomall

Address").

On March 19, 2013, the Bureau of Compliance and Licensing at the Pennsylvania Department of Banking and Securities suspended Capital's mortgage lender licenses, and revoked the license on June 20, 2013.  Capital ceased business operations in April 2013.  CBWL brought suit against Capital, Park Avenue, Luciano, Commonwealth, and other parties in state court in New Jersey, an action which is still pending ("New Jersey litigation").[2]  On CBWL's motion, on May 12, 2013 a receiver was appointed for Capital and its owners to marshal their assets.  The receiver emptied the Broomall Address of files, computers, and office equipment in June 2013.

Plaintiff thereafter filed this complaint in the Cuyahoga County Court of Common Pleas on November 7, 2013.  The complaint alleges eleven state law claims against the parties.  Counts I and II allege claims for breach of contract and breach of good faith against Capital.  Counts III, IV, V, and VI allege claims against Park Avenue, Luciano, and CBWL for fraud, civil conspiracy, conversion, and negligent misrepresentation.  Count VII alleges breach of fiduciary duty by Park Avenue and Luciano.  Counts VIII, IX, X, and XI allege breach of contract and breach of indemnity claims against Commonwealth and seek declaratory judgments.

The record from the state court indicates that Capital was served on November 15, 2013 at the Broomall Address and again on November 22, 2013 at the Folsom Address.  Commonwealth and CBWL were served on November 18, 2013.  Park Avenue and Luciano have not yet been served.

---

[2] *See Customers Bank v. Capital Financial Mortgage Corp., et al.,* Docket No. L-1239-13, Superior Court of Camden County, New Jersey. (Doc. 13-1 p. 5).

On December 4, 2013, Commonwealth filed a notice of removal to this Court on the basis of diversity jurisdiction. On December 10, 2013, CBWL filed a notice of consent to removal.

This matter is before the Court on plaintiff's motion to remand. Defendants Commonwealth and CBWL oppose the motion.

**Discussion**

Defendants to a state court action may remove the case to federal court where the action could have originally been brought in federal court. 28 U.S.C. § 1441.

The defendants' right to remove is subject to strict time limitations. "[A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509 (6th Cir. 2003). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Id*.

Unanimity is not required where: (1) the non-joining defendant has not been served with process at the time the removal petition is filed or (2) the non-joining defendant is merely a nominal or formal party.[3] *See Hicks v. Emery Worldwide, Inc*., 254 F. Supp. 2d 968, 970 n.4 (S.D. Ohio 2003) (citing *Klein v. Manor Helathcare Corp.*, 19 F.3d 1433 (6th Cir. 1994)

---

[3] The unanimity requirement can also be excused if the removed claim is a separate and independent claim. However, this exception does not apply in diversity cases, such as this one. *See First Independence Bank v. Trendventures, L.L.C.*, 07-CV-14462, 2008 WL 253045 at *6 (E.D. Mich. Jan. 30, 2008) (citing 28 U.S.C. § 1441(c)).

(unpublished)).  "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

The parties do not dispute that complete diversity and the amount in controversy requirement for diversity jurisdiction are present in this case.  Plaintiff argues that remand is warranted because Capital did not consent to removal and therefore the unanimity requirement of 28 U.S.C. § 1446 has not been met.  Defendants contend that Capital's consent to removal was not required because it was not properly served and because it is a nominal party.

There is a division among the federal courts as to how resolve the issue of alleged defects in service to a non-removing defendant.  Some courts allow the removing defendants to show that the exception to the rule of unanimity has been met by demonstrating that service on the non-removing defendant was improper. *See, e.g., Edley v. Avis Rent A Car Sys., LLC.*, No. 03 Civ. 5065, 2004 WL 594917, at *2 (S.D.N.Y. Mar. 25, 2004) (inquiring into the effectiveness of service by mail, which had gone unclaimed, on a defendant who had moved to out-of-state and deciding that the unanimity rule was met).

Others, focused on the waivability of defects in service of process by the non-consenting defendant, require the removing defendant to secure the consent of every defendant, even those who may have been improperly served.

> The removing defendant's objections to service of process on [the non-removing defendant] are not grounds for failing to secure [the non-removing defendant's] joinder in the removal notice. . . . Essentially, although service may not be effective for purposes of obtaining in personam jurisdiction over the defendant, it may be effective for purposes of triggering the consent requirement of the rule of unanimity.

*Marquette Business Inc. v. America's Kitchen, Inc.*, Civil Action No. 3:09–CV–1937–D, 2010 WL 1711767, at *3 (N.D. Tex. April 28, 2010) (internal citations omitted). *See also In re Pharm.*

*Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 122 (D. Mass. 2006) (holding that removing defendant cannot complain about alleged deficiencies in service on non-consenting defendant).

This Court finds the latter approach more persuasive.  Defects in service are waivable and the right to waive is personal to that party. *See* Fed.R.Civ.P. 12(h)(1).  "Permitting the removing defendant to collaterally challenge service on the non-removing defendant as a means of excusing that defendant's joinder in or consent to removal would deprive the nonremoving defendant of its right to remain in state court." *Marquette*, at *4.  Where a removing defendant has notice that a non-removing defendant has been served, if possible he must obtain the non-removing defendant's consent to removal even though the service may later prove invalid. *Accord Hess v. Great Atlantic & Pac. Tea Co.*, 520 F. Supp. 373, 376 (N.D. Ill.1981) (holding that "[u]nless there has been a state court determination prior to removal that service on a defendant was defective, all defendants upon whom purported service has been made at the time of removal must join in the petition").

In the present case, notice of service on Capital at two locations was present in the state court's records.  Defendants did not obtain Capital's consent to removal within the 30-day time frame set out in § 1446.  Defendants contend that special circumstances warrant an exception to the unanimity rule requiring Capital's consent.  Defendants argue that because Capital is no longer conducting business and has been appointed a receiver its consent to removal was impossible.  The Court does not find these arguments persuasive.

Defendants were aware that Capital had been appointed a receiver in the New Jersey litigation.  Both Commonwealth and CBWL were parties to that action, and CBWL requested

6

that the receiver be appointed in that case.  Defendants could have timely contacted Capital's receiver to request consent to removal.  Indeed, they did obtain the receiver's consent as set forth in his affidavit attached to defendants' brief in opposition. (Doc. 13-1 ¶ 13).  However, this consent comes too late. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).

Defendants cite *White v. Bombardier Corp.* for the proposition that under some circumstances the unanimity requirement can be excused for a defendant who has failed to appear and against whom default has been entered. 313 F. Supp. 2d 1295 (N.D. Fla. 2004).  The court in that case, however, found that the non-appearing defendant's consent was required because the removing defendant had not demonstrated that through reasonable diligence it had been unable to locate the non-removing defendant or obtain its consent.  Defendants also cite *Hicks v. Emery Worldwide* in support of their argument that consent of a corporation may not always be required. 254 F. Supp. 2d 968 (S.D. Ohio 2003).  That particular defendant is distinguishable because there the non-removing corporation had been dissolved, its assets sold to another corporation, and service had been made on another unrelated corporation. *Id.* at 975.  Capital, while it has been appointed a receiver, has not been dissolved.

The Court, therefore, finds that defendants' failure to obtain Capital's consent to removal is not excused.

Defendants argue that even if service on Capital were valid, Capital is a nominal party whose consent to removal was not required.  It has not conducted business for months prior to the initiation of the present suit, a receiver has been appointed to marshal its assets, and a default judgement has been rendered against it in the New Jersey litigation.  Defendants conclude that

Capital would be unable to satisfy any judgement against it.

Plaintiff raises several causes of action against Capital solely, and seeks specific performance and damages from it.  Plaintiff argues that it is not clear that Capital has no assets from which to pay any judgment against it and even if it did the defendant's financial position is irrelevant in a determination of whether a party is nominal.

"[A] nominal party is one who, in a genuine legal sense, has no interest in the result of the suit." 721 F. Supp. 906 (S.D. Ohio 1989) (citing *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir.1952)).  It must be of no moment to Capital which sides succeeds in the suit. *Picard Chem. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1136 (W.D. Mich. 1996) (citing *Bacon v. Rives*, 106 U.S. 99, 104, 1 S.Ct. 3, 27 L.Ed. 69 (1882)).  In determining whether a party has a real interest in the outcome of a suit, the court looks to the substance of the pleadings. *Barrientos v. UT-Batelle, LLC*, 284 F. Supp. 2d 908, 913 (S.D. Ohio 2003) (citing *Salem Trust Co. v. Mfr.'s Fin. Co.*, 264 U.S 182, 189 (1924)).

Defendants cite several cases in support of finding Capital a nominal party.  However, upon review, the Court finds them each distinguishable. *Wallis v. Southern Silo Co., Inc.*, 369 F. Supp. 92 (N.D. Miss. 1973) and *Rigney v. Midcon Offshore, Inc.* No. CIV. A. 97–3579, 1997 WL 795694 (E.D. La. Dec. 29, 1997) involved non-removing corporations that were in bankruptcy proceedings.  While it has been appointed a receiver, the Court is unaware of any bankruptcy proceeding involving Capital which would stay a proceeding as to Capital, nor does it appear that the New Jersey litigation has stayed any action against Capital. *Michigan Dept. of Transportation v. All-State Painting & Constr. Co.*, No. 2:08-CV-286, 2009 WL 891702 (W.D. Mich. Mar. 31, 2009) is also not persuasive.  That case involved a defunct corporation whose

8

registration had been canceled by the state.  Capital's registration, according to evidence provided by the defendants themselves, remains active.  In *Wells Fargo Bank v. Charlotte Overlook Apartments, LLC*,  and *Egle Nursing Home v. Erie Ins. Group*, 981 F. Supp. 932 (D. Md. 1997),  the courts actually remanded the cases to the state court.  Finally, *Stoneybrook Tenants Ass'n, Inc. v. Alpert*, 194 F. Supp 552 (D. Conn. 1961)  involved defendants who did not have an interest in the agreement that was the subject of dispute because they already disclaimed their interests in the agreement in an earlier state court action.

Looking at the pleadings, in its complaint plaintiff alleges two causes of action against Capital solely and seeks damages and specific performance from it.  Accordingly, the Court finds Capital is not a nominal party and its consent to removal was required.

### **Conclusion**

Because Capital did not consent removal within the 30-day time limit, the unanimity requirement of 28 § U.S.C. 1446 has not been met.  The Court, therefore, GRANTS plaintiff's Motion to Remand and REMANDS this case to state court.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/6/14